IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV274-W-03
(3:07CR61-14-W)

| | |
|---|---|
| STEVEN JERMONTE CURETON, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>    Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on the Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed July 8, 2009 (Doc. No. 1.) After having carefully reviewed the instant Motion to Vacate, certain other pertinent documents from the Petitioner's criminal case, and relevant legal precedent, the Court concludes, out of an abundance of caution, that the Petitioner's Motion to Vacate should be <u>granted</u>, but only for the purpose of allowing him to pursue a direct appeal of his conviction and/or sentence in his underlying criminal case.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the record, on March 27, 2007, the Petitioner (along with others) was named in a Bill of Indictment which charged him with conspiracy to possess with intent to distribute cocaine base, cocaine, marijuana and 3,4-methylenedioxymethamphetamine, a/k/a Ecstasy, in violation of 21 U.S.C. §§ 846, 841(a)(1) (Count One); possession with intent to distribute cocaine base and cocaine and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts Twenty-two and Thirty); possession of a firearm by a convicted felon and aiding and abetting in violation of 18 U.S.C.

1

§§ 922(g)(1) and 2 (Count Thirty-one); and use and carry of a firearm during and in relation to a drug trafficking crime and aiding and abetting in violation of 18 U.S.C. §§ 924(c)( and 2 (Count Thirty-two).[1]

On September 26, 2007, Petitioner pled guilty, pursuant to a plea agreement, to Count One of the Indictment. The Court engaged the Petitioner in a lengthy plea colloquy to ensure that he was intelligently and voluntarily tendering his guilty plea. After considering the petitioner's answers to its numerous questions, the Court conditionally accepted the Petitioner's guilty plea.

Next, on December 11, 2008, the Court held a Factual Basis & Sentencing Hearing for the Petitioner. On that occasion, the Court reviewed the Petitioner's case, his Presentence Report, and other relevant matters. Then, pursuant to the U.S. Sentencing Guidelines, the Court sentenced the petitioner to a term of 240 months imprisonment on Count One. All other counts from the Indictments were dismissed. The Court's Judgment was filed on January 5, 2009.

After entry of the Court's Judgment no appeal was filed for the Petitioner. Rather, on July 8, 2009, the Petitioner filed the instant Motion to Vacate alleging, among other claims, that that he was subjected to ineffective assistance by virtue of trial counsel's failure to consult with him concerning the possibility of a direct appeal.

## II. ANALYSIS

The Petitioner's claim that counsel failed to consult with him regarding an appeal is controlled

---

[1] On April 24, 2007, a Superseding Bill of Indictment was filed in this matter. The Superseding Bill of Indictment includes seven additional counts that charge other members of the conspiracy with various drug and firearm crimes related to the conspiracy.

by the Supreme Court's decision in Roe v. Flores-Ortega, 528 U.S. 470 (2000). The Supreme Court has ruled that even where a defendant has not approached his attorney and specifically directed counsel to appeal, "the better practice is for counsel routinely to consult with the defendant about an appeal." Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). The Court specifically held "that counsel has a constitutionally-imposed duty to consult with [his client] about an appeal when there is reason to think either (1) that a rational defendant would want to appeal or (2) that this particular defendant reasonably demonstrated t counsel that he was interested in appealing." Id. at 480. The Court explained that consult means to advise the defendant of the advantages and disadvantages of an appeal and make "a reasonable effort to discover the defendant's wishes." Id. at 478. In some cases, such as where a defendant receives a sentence which is different from what he expected, counsel's consultation about an appeal should occur after the sentencing hearing has been conducted. United States v. Witherspoon, 231 F.3d 923, 927 (4th Cir. 2000).

In the instant case, the Petitioner has alleged that his counsel did not consult with him about an appeal or explain the advantages or disadvantages of filing an appeal. Petitioner further contends that he acted in a manner that he wanted to appeal and that counsel failed to file an appeal on his behalf. (Memo in Support of Motion at 10.)

Thus, even if the government were to file an answer or other response which attaches an affidavit in which counsel simply denies such representations, the Court still would be compelled to give the Petitioner the benefit of the doubt on this matter.

Accordingly, in light of Roe and Witherspoon, and out of an abundance of caution, the Court finds that the Petitioner's Motion to Vacate should be granted, but only for the purpose of allowing him

to pursue a direct appeal of his conviction and/or sentence in his underlying criminal case. Thus, the Court will vacate its Judgment so that the Petitioner may appeal his conviction and/or sentence.

### III. NOTICE OF APPELLATE RIGHTS

Mr. Cureton, you are hereby advised that you have an absolute right to appeal your criminal case and any issues in it to the Fourth Circuit Court of Appeals. If you decide to do that, you will have to file a Notice of Appeal with the Clerk of this District Court within 10 days after the day your new Judgment of conviction is filed with this Court, or within 10 days after any Government appeal is filed with this Court, whichever day comes later. The Clerk will assist you in preparing your Notice of Appeal if you so request.

If you previously were determined to be indigent in connection with your criminal case, or if you now are indigent and are unable to pay for an appeal, you may request permission to proceed on appeal without prepayment of the applicable filing fees. You should discuss the question of appeal with your attorney, if you have one, but whatever he or she may tell you, the responsibility for filing the Notice of Appeal remains with you, and you must file such Notice within the aforementioned 10- day period in order to make it effective.

### IV. ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. That the Petitioner's Motion to Vacate is **GRANTED;**

2. That the Petitioner's original Judgment is **VACATED** due to counsel's failure to consult with him regarding an appeal;

3. That the Clerk is directed to prepare a new Judgment for the Petitioner, imposing the same

sentence and conditions as were imposed by the original Judgment form;

    4. That the Petitioner may appeal from his new Judgment as has been explained in this Order;

    5. That the Clerk shall send copies of this Order to the Petitioner and to the United States Attorney for the Western District of North Carolina.

**SO ORDERED.**

Signed: July 8, 2009

Frank D. Whitney
United States District Judge